IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH BRANGMAN, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | No. 12-351 |
| v. | : | |
| | : | |
| ASTRAZENECA, LP, ASTRAZENECA PHARMACEUTICALS, LP and METROPOLITAN LIFE INS. CO. PARTNERS, LP, et al., | : : : : | |
|     Defendants. | : | |

**ORDER**

**AND NOW,** this __19th___ day of June, 2013, it is **ORDERED** that AstraZeneca's Motion for Summary Judgment (ECF No. 37) is **GRANTED** in part and **DENIED** in part as follows:

- Defendant's motion for summary judgment on Plaintiff's ADA claim (Count V) is **GRANTED**;

- Defendant's motion for summary judgment on Plaintiff's Delaware Persons with Disabilities Employment Protection Act ("DPDEPA") claim (Count VI) is **GRANTED**;

- Defendant's motion for summary judgment on Plaintiff's ADA claim (Count VII) is **GRANTED**;

- Defendant's motion for summary judgment on Plaintiff's DPDEPA claim retaliation claim (Count VIII) is **GRANTED**;

- Defendant's motion for summary judgment on Plaintiff's ERISA claim (Count X) is **GRANTED**;

- Defendant's motion for summary judgment on Plaintiff's Title VII discrimination claim on the basis of race and gender (Count I) is **DENIED**;

- Defendant's motion for summary judgment on Plaintiff's Delaware Discrimination Employment Act ("DDEA") claim on the basis of race and gender (Count II) is **DENIED**;

- Defendant's motion for summary judgment on Plaintiff's Delaware Whistleblowers' Protection Act claim (Count IX) is **DENIED**;

- Defendant's motion for summary judgment on Plaintiff's DDEA (Counts II and IV) on the basis that these claims cannot be brought concurrently with Title VII claims is **DENIED**; and

- Defendant's motions for summary judgment on Plaintiff's Title VII and DDEA retaliation claims (Counts III and IV) are **GRANTED** in part and **DENIED** in part as follows:

    - **GRANTED** as to Plaintiff's claim that she was retaliated against under Title VII for whistleblowing;

    - **GRANTED** as to Plaintiff's claim that Defendant retaliated against her for filing an EEOC charge by terminating her and interfering with MetLife's long-term disability decision;

    - **DENIED** as to Plaintiff's claim that Defendant retaliated against her by denying her short-term disability extension after she filed an EEOC charge; and

    - **DENIED** as to Plaintiff's claim that Defendant retaliated against her for filing an internal complaint with Defendant in August 2009.

Therefore, the following claims survive summary judgment:

- Count I: Discrimination on the basis of race and gender under Title VII;

- Count II: Discrimination on the basis of race and gender under the DDEA;

- Counts III and IV: Retaliation in Violation of Title VII and DDEA for

    - filing an internal complaint with Defendant on August 2009; and

    - for denying Plaintiff's short-term disability extension after she filed an EEOC charge; and

- Count IX: Violation of the Delaware Whistleblowers' Protection Act.

                                                          s/Anita B. Brody

                                         _____
                                         ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to: