# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Deborah J. Brangman,                              :
                                                  :
                   Plaintiff,                     :         Case No. 12-351
                                                  :
           v.                                     :         Honorable Anita B. Brody
                                                  :
AstraZeneca, LP and AstraZeneca                   :         FILED VIA ECF
Pharmaceuticals, LP,                              :
                                                  :
                   Defendant.                     :
                                                  :
                                                  :
                                                  :

## DEFENDANTS ASTRAZENECA, LP AND ASTRAZENECA PHARMACEUTICALS, LP'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure Defendants AstraZeneca, LP and AstraZeneca Pharmaceuticals, LP (collectively, "AstraZeneca") submit the following jury instructions, along with the accompanying table of contents, and respectfully request that the Court instruct the jury on the law as set forth in the instructions.  Defendants reserve the right to submit amended jury instructions, if necessary, at the close of evidence.

Respectfully submitted,


/s/ Elizabeth Tempio Clement
Thomas J. Bender (PA #25512)
Elizabeth Tempio Clement (PA #208344)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t)
267.402.3131 (f)
tbender@littler.com
eclement@littler.com

Attorneys for Defendant
AstraZeneca, LP and AstraZeneca
Pharmaceuticals, LP

Date: February 3, 2014

# TABLE OF CONTENTS

**Preliminary Instructions For Use at Commencement of Trial and/or End of Trial**

1.    1.1    Introduction; Role of Jury

2.    1.2    Description of Case; Summary of Applicable Law

3.    1.3    Conduct of the Jury

4.    1.4    Bench Conferences

5.    1.5    Evidence

6.    1.6    Direct and Circumstantial Evidence

7.    1.7    Credibility of Witnesses

8.    1.8    Jury Questions for Witnesses

9.    1.9    Note-Taking by Jurors

10.    1.10    Preponderance of the Evidence

11.    1.12    Description of Trial Proceedings

12.      All Persons Equal Before the Law – Corporations Treated Equally

**General Instructions For Use During Trial**

13.    2.5    Use of Deposition

14.    2.6    Use of Interrogatories

15.    2.11    Opinion Testimony

16.    2.14    Recess Admonition

**General Instructions For Use at End of Trial**

17.    3.1    Deliberations

18.    3.2    Number of Witnesses

19.    3.4    Deadlock

**Title VII Instructions – Introduction**

20.   5.0   Title VII Introductory Instruction

**Title VII Instructions – Elements of a Title VII Claim**

21.   5.1.2   Disparate Treatment – Pretext Model

22.   5.1.7   Retaliation

23.        Opinion is Not Proof

**DDEA Instructions – Elements of a DDEA Claim**

24.        Identical to Elements of a Title VII Claim

**Title VII Damages**

25.   5.4.1   Compensatory Damages – General Instruction

26.   5.4.2   Punitive Damages

27.   5.4.3   Back Pay – For Advisory Jury

28.   5.4.4   Front Pay – For Advisory Jury

**Delaware Whistleblowers' Protection Act Instructions**

29.        Generally

30.        Elements

31.        Damages

## Defendants' Proposed Jury Instruction No. 1

### 1.1    Preliminary Instructions – Introduction; Role of Jury[1]

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

---

[1] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

**Defendants' Proposed Jury Instruction No. 2**

**1.2     Preliminary Instructions – Description of Case; Summary of Applicable Law**[2]

In this case, Deborah Brangman claims that AstraZeneca discriminated and retaliated against her based on her sex, gender, or both by eliminating her position, failing to hire her for a new position, and denying her request for an extension to her short-term disability leave. Ms. Brangman also claims that AstraZeneca retaliated against her in violation of the Delaware Whistleblowers' Protection Act for making a report to AstraZeneca's Compliance Department. AstraZeneca denies all of Ms. Brangman's claims and maintains that any action taken against Ms. Brangman was for legitimate business reasons. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that Ms. Brangman must prove to make her case:

First, to prevail on her claim for discrimination, Ms. Brangman must prove by a preponderance of the evidence that Ms. Brangman's gender or race was a determinative factor in AstraZeneca's decision to eliminate Ms. Brangman's position and its failure to hire her for another position.

Second, to prevail on her claim for retaliation, Ms. Brangman must prove by a preponderance of the evidence that AstraZeneca's decision to eliminate Ms. Brangman's position, its failure to hire her for another position, and its denial of her short term disability leave were materially adverse acts that were taken because of Ms. Brangman's internal complaint, the charge of discrimination that she filed with the United States Equal Opportunity Commission, or both.

---

[2] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

Third, to prevail on her claim under the Delaware Whistleblowers' Protection Act, Ms. Brangman must prove by a preponderance of the evidence that Ms. Brangman made a report to AstraZeneca's Compliance Department of conduct that she believed to be unlawful and that report was the primary basis for AstraZeneca's decision to eliminate Ms. Brangman's position and commit other alleged negative action(s).

## Defendants' Proposed Jury Instruction No. 3

**1.3     Preliminary Instructions – Conduct of the Jury[3]**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retire to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones like Blackberries and iPhones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services such as Twitter, or through any blog, website, internet chat room, or by way of any other social networking websites or services including Facebook, MySpace, LinkedIn, and YouTube.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

---

[3] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

4

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

**<u>Defendants' Proposed Jury Instruction No. 4</u>**

**1.4     Preliminary Instructions – Bench Conferences[4]**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

---

[4] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

**Defendants' Proposed Jury Instruction No. 5**

**1.5      Preliminary Instructions – Evidence[5]**

The evidence from which you are to find the facts consists of the following:

  1.  The testimony of the witnesses;

  2.  Documents and other things received as exhibits;

  3.  Any facts that are stipulated—that is, formally agreed to by the parties; and

  4.  Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

  1.  Statements, arguments, and questions of the lawyers for the parties in this case;

  2.  Objections by lawyers;

  3.  Any testimony I tell you to disregard; and

  4.  Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

---

[5] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded.   Do not speculate about what a witness might have said or what an exhibit might have shown.

**Defendants' Proposed Jury Instruction No. 6**

**1.6     Preliminary Instructions – Direct and Circumstantial Evidence[6]**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence."  An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses—something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider all evidence that is presented to you, but in this case all evidence of alleged discrimination by AstraZeneca is in the form of circumstantial evidence. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

---

[6] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

**Defendants' Proposed Jury Instruction No. 7**

**1.7     Preliminary Instructions – Credibility of Witnesses**[7]

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.   In deciding what to believe, you may consider a number of factors, including the following:

(1)     the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2)     the quality of the witness's understanding and memory;

(3)     the witness's manner while testifying;

(4)     whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5)     whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6)     how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7)     any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

---

[7] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

<u>**Defendants' Proposed Jury Instruction No. 8**</u>

**1.8     Preliminary Instructions – Jury Questions for Witnesses[8]**

    Only the lawyers and I are allowed to ask questions of witnesses.  You are not permitted to ask questions of witnesses.

---

[8] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

**Defendants' Proposed Jury Instruction No. 9**

**1.9     Preliminary Instructions – Note-Taking By Jurors**[9]

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial.  But you should not assume that the transcripts will be available for your review during your deliberations.  You must pay close attention to the testimony as it is given.

You may not take notes during the course of the trial. There are several reasons for this. It is difficult to take notes and, at the same time, pay attention to what a witness is saying and the witness's manner while testifying. One of the reasons for having a number of persons on the Jury is to gain the advantage of your individual and collective memories so that you can then deliberate together at the end of the trial and reach agreement on the facts. While some of you might feel comfortable taking notes, other members of the Jury may not feel as comfortable and may not wish to do so. Notes might be given too much weight over memories, especially the memories of those who do not take notes. So, for those reasons, I ask that you not take notes during the trial.

---

[9] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

**Defendants' Proposed Jury Instruction No. 10**

**1.10   Preliminary Instructions – Preponderance of the Evidence**[10]

This is a civil case. Ms. Brangman is the party who brought this lawsuit. AstraZeneca is the party against which the lawsuit was filed. Ms. Brangman has the burden of proving her case by what is called the preponderance of the evidence. That means Ms. Brangman has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Ms. Brangman and the evidence favorable to AstraZeneca on opposite sides of the scales, Ms. Brangman would have to make the scales tip somewhat on her side. If Ms. Brangman fails to meet this burden, the verdict must be for AstraZeneca. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

---

[10] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

**Defendants' Proposed Jury Instruction No. 11**

**1.12    Preliminary Instructions – Description of Trial Proceedings**[11]

The trial will proceed in the following manner:

First, attorney(s) for Ms. Brangman will make an opening statement to you. Next, attorney(s) for AstraZeneca may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After [Before] the attorneys have made their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Ms. Brangman goes first because Ms. Brangman has the burden of proof.  Ms. Brangman will present witnesses whom counsel for AstraZeneca may cross-examine, and Ms. Brangman may also present evidence.  Following Ms. Brangman's case, AstraZeneca may present evidence. Counsel for Ms. Brangman may cross-examine witnesses for the defense.  After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, [I will instruct you on the law and then] the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. [Once the closing arguments are completed, I will then instruct you on the law.]  After that you will retire to the jury room to deliberate on your verdict in this case.

[At this point the court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.]

---

[11] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

**Defendants' Proposed Jury Instruction No. 12**

**Preliminary Instructions – All Persons Equal Before the Law – Corporations Treated Equally**[12]

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. In your deliberations, you must not consider the fact that Ms. Brangman is an individual while AstraZeneca is a corporate entity. Corporate entities are entitled to the same fair trial as a private individual. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company. You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

---

[12] Derived from Model Civil Jury Instructions for the District Courts of the Eleventh Circuit (2005) (modified, in part).

**Defendants' Proposed Jury Instruction No. 13**

**2.5   General Instructions For Use During Trial – Use of Deposition[13]**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

---

[13] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

<u>**Defendants' Proposed Jury Instruction No. 14**</u>

**2.6   General Instructions For Use During Trial – Use of Interrogatories**[14]

You will now hear [have heard] answers that [name of party] gave in response to written questions submitted by the other side.  The written questions are called "interrogatories."  The written answers were given in writing and under oath, before the trial.

You must consider [name of party]'s answer to interrogatories in the same manner as if the answers were made from the witness stand.

---

[14] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

**Defendants' Proposed Jury Instruction No. 15**

**2.11   General Instructions For Use During Trial – Opinion Testimony**[15]

You have heard testimony containing opinions from Dr. Timothy Michals, Jeffrey

Landsman, Dr. Steven Zavodnick, Dr. Steven Feinstein, Dr. John Steers, Dr. Pamela Gordon,

physicians from Penn Medicine, including _____ [identify any such

witnesses called by Plaintiff], and Wayne Wagner, Jr.  In weighing this opinion testimony, you

may consider these individuals' qualifications, the reasons for their opinions, and the reliability

of the information supporting those opinions, as well as the factors I have previously mentioned

for weighting the testimony of any other witness.  The opinions of these witnesses should receive

whatever weight and credit, if any, you think appropriate, given all the other evidence in the

case.

---

[15] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

**Defendants' Proposed Jury Instruction No. 16**

**2.14    General Instructions For Use During Trial – Recess Admonition[16]**

We are about to take [our first] [a] recess [and I remind you of the instruction I gave you earlier]. During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately.  Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the internet.  Remember that I told you not to use any electronic tools to communicate with anyone about the case or to do research relating to the case. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to [identify court personnel] to give to me.

[I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on occasion.]

---

[16] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

**Defendants' Proposed Jury Instruction No. 17**

**3.1   General Instructions For Use At End of Trial – Deliberations[17]**

When you retire to the jury room to deliberate, you may take with you the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest

---

[17] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone, or computer of any kind; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, website, or social networking service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished. Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a

verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

## Defendants' Proposed Jury Instruction No. 18

**3.2   General Instructions For Use At End of Trial – Number of Witnesses**[18]

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

---

[18] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

## Defendants' Proposed Jury Instruction No. 19

### 3.4 General Instructions For Use At End of Trial – Deadlock[19]

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with your individual judgments. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you must be open to their opinions. You should not be influenced to vote a certain way, however, by the single fact that a majority of the jurors, or any of them, will vote in a certain way. In other words, you should not surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict, or solely because of the opinions of the other jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced that those views are wrong. To reach a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to reexamine your own views.

Remember that you are not partisans; you are judges—judges of the facts. Your only interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

If you should fail to agree on a verdict, the case is left open and must be resolved at a later time. There is no reason to think that another trial would be conducted in a better way or that a different jury would decide it any better. Any future jury must be selected in the same manner and from the same source as you.

We try cases to dispose of them and to reach a common conclusion if it is consistent with

---

[19] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapters 1, 2 & 3: General Instructions for Civil Cases (December 2012).

the conscience of each member of the jury. I suggest that, in deliberating, you each recognize that you are not infallible, that you listen to the opinions of the other jurors and that you do so carefully with a view to reaching a common conclusion, if you can. You may take all the time that you feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

**Defendants' Proposed Jury Instruction No. 20**

**5.0    Title VII Introductory Instruction**[20]

In this case the Plaintiff Deborah Brangman makes a claim under a federal civil rights statute that prohibits employers from discriminating or retaliating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin.

More specifically, Ms. Brangman claims that she was treated unfairly by the defendant AstraZeneca because of her race, her gender, or both.  Additionally, Ms. Brangman claims that AstraZeneca retaliated against her after she made an internal complaint about her supervisor and filed a charge of discrimination with the EEOC.

AstraZeneca denies that Ms. Brangman was discriminated or retaliated against in any way and claims that any action taken with respect to Ms. Brangman's employment was for legitimate business reasons.

I will now instruct you more fully on the issues you must address in this case.

---

[20] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapter 5:  Instructions for Employment Discrimination Claims Under Title VII (July 2012).

## Defendants' Proposed Jury Instruction No. 21

**5.1.2   Elements of a Title VII Claim – Disparate Treatment – Pretext Model[21]**

In this case Deborah Brangman is alleging that AstraZeneca eliminated her position and

failed to hire her for either of the two positions for which she subsequently applied because of

her race, her gender, or both.  In order for Ms. Brangman to recover on this discrimination claim

against AstraZeneca, Ms. Brangman must prove that AstraZeneca intentionally discriminated

against her.  This means that Ms. Brangman must prove that her race and/or gender were

determinative factors in AstraZeneca's decision to eliminate of her position and its failure to hire

her for either of the two other positions for which she subsequently applied.

To prevail on this claim, Ms. Brangman must prove both of the following by a

preponderance of the evidence:

First:  AstraZeneca eliminated Ms. Brangman's position and failed to hire her; and

Second:  Ms. Brangman's race and/or gender was a determinative factor in AstraZeneca's
decision to do so.

Although Ms. Brangman must prove that AstraZeneca acted with the intent to

discriminate, Ms. Brangman is not required to prove that AstraZeneca acted with the particular

intent to violate Ms. Brangman's federal civil rights.  Moreover, Ms. Brangman is not required to

produce direct evidence of intent, such as a statement admitting discrimination.  Intentional

discrimination may be inferred from the existence of other facts.

AstraZeneca has given a nondiscriminatory reason for eliminating Ms. Brangman's

position and for hiring other candidates to fill the two positions for which Ms. Brangman

applied.  If you disbelieve AstraZeneca's explanations for its conduct, then you may, but need

not, find that Ms. Brangman has proved intentional discrimination.  In determining whether

---

[21] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, that she applied for Chapter 5:  Instructions for Employment Discrimination Claims Under Title VII (July 2012).

AstraZeneca's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question AstraZeneca's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of AstraZeneca or believe it is harsh or unreasonable. You are not to consider AstraZeneca's wisdom. However, you may consider whether AstraZeneca's reason is merely a cover-up for discrimination.

Ultimately, you must decide whether Ms. Brangman has proven that her race or gender was a determinative factor in AstraZeneca's elimination of her position and subsequent failure to hire her for the two positions for which she applied. "Determinative factor" means that if not for Ms. Brangman's race and/or gender, her position would not have been eliminated and she would have been hired to fill one of the two positions for which she applied.

**Defendants' Proposed Jury Instruction No. 22**

### 5.1.7   Elements of a Title VII Claim – Retaliation[22]

Deborah Brangman claims that AstraZeneca discriminated against her because she made

an internal complaint to AstraZeneca and filed a charge of discrimination with the EEOC.

To prevail on this claim, Ms. Brangman must prove all of the following by a

preponderance of the evidence:

> First:  Ms. Brangman made an internal complaint about Peter Brockie, her
> supervisor, in August 2009, and filed a charge of discrimination with the EEOC in
> April 2010.
>
> Second:  Ms. Brangman was subjected to a materially adverse action at the time, or after,
> the protected conduct took place.
>
> Third:  There was a causal connection between Ms. Brangman's internal complaint
> and EEOC charge, and AstraZeneca's elimination of her position, its failure to hire her
> for another position, its denial of her short term disability benefits, and Peter Brockie's
> treatment of her.

Concerning the first element, Ms. Brangman need not prove the merits of her internal

complaint or her charge of discrimination, but only that she was acting under a good faith belief

that her right to be free from discrimination on the basis of gender and/or race was violated.

Concerning the second element, the term "materially adverse" means that Ms. Brangman

must show that AstraZeneca's elimination of her position, its failure to hire her for either of the

two positions for which she subsequently applied, its denial of her short term disability benefits,

and Peter Brockie's treatment of her were serious enough that it well might have discouraged a

reasonable worker from complaining internally or filing a charge with the EEOC.

For the third element, if you find that Ms. Brangman engaged in protected activity and

that AstraZeneca took a materially adverse employment action against her, you must decide

---

[22] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapter 5:  Instructions
for Employment Discrimination Claims Under Title VII (July 2012).

whether AstraZeneca took that action because of Ms. Brangman's protected activity. Put another way, you must decide whether Ms. Brangman's protected activity was the main reason for AstraZeneca's decision.

To determine that AstraZeneca took an adverse employment action because of Ms. Brangman's protected activity, you must decide that AstraZeneca would not have taken the action had Ms. Brangman not engaged in the protected activity but everything else had been the same.

AstraZeneca claims that it did not take any retaliatory action against Ms. Brangman because of her internal complaint or EEOC charge of discrimination and that it took the actions for other reasons. An employer may not take an adverse action against an employee because of the employee's protected activity. But an employer may take an adverse action against an employee for any other reason, good or bad, fair or unfair. If you believe AstraZeneca's reasons for its decisions, and you find that AstraZeneca did not make its decisions because of Ms. Brangman's protected activity, you must not second guess that decision, and you must not substitute your own judgment for AstraZeneca's judgment—even if you do not agree with it.[23]

---

[23] Derived from the Eleventh Circuit Civil Pattern Jury Instructions, 4.22, Retaliation—Title VII, ADEA, ADA, and FLSA. *See also University of Texas Southwestern Medical Center v. Nassar*, No. 12-484, _____ (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in [42 U.S.C.] § 2000e-2(m).")

**Defendants' Proposed Jury Instruction No. 23**

**Opinion Is Not Proof**[24]

Ms. Brangman's inability to think of any reasons for AstraZeneca's conduct other than retaliation or discrimination based on her race, gender, or both is not sufficient to support her claim. Moreover, Ms. Brangman's subjective belief that AstraZeneca did not have legitimate business reasons for its actions is not sufficient to create an inference of discrimination or retaliation. To prevail on her claims for discrimination and retaliation, Ms. Brangman must do more than express her own disagreement with AstraZeneca's reasons for its actions; she must demonstrate that those reasons are a pretext for discrimination—that is, that they are a cover-up for race and/or gender discrimination and retaliation based on her protected conduct.

Just as Ms. Brangman's own opinion is not sufficient to support her claims of discrimination and retaliation, neither is the opinion of a co-worker or any other individual not involved in the actual decisions about which Ms. Brangman complains.

---

[24] Sources: *Billet v. CIGNA Corp.*, 940 F.2d 812 (3d Cir. 1991), overruled in part on other grounds by *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993).

<u>**Defendants' Proposed Jury Instruction No. 24**</u>

**Elements of a DDEA Claim – Identical to Elements of a Title VII Claim[25]**

In addition to her Title VII discrimination and retaliation claims, Ms. Brangman has brought claims under the Delaware Discrimination Employment Act . The DDEA is a state law that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin, and should be interpreted identical to Title VII. Therefore, all of the instructions I have given you regarding the elements of discrimination and retaliation claims also apply to the Delaware Discrimination Employment Act.

---

[25] Sources: *Spady v. Wesley Coll.,* Civ. A. 09-834, 2010 WL 3907357 (D. Del. Sept. 29, 2010).

<u>**Defendants' Proposed Jury Instruction No. 25**</u>

**5.4.1   Title VII Damages – Compensatory Damages – General Instruction**[26]

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not AstraZeneca should be held liable.

If you find by a preponderance of the evidence that AstraZeneca violated Ms. Brangman's rights under Title VII by discriminating or retaliating against her, then you must consider the issue of compensatory damages.  You must award Ms. Brangman an amount that will fairly compensate her for any injury she actually sustained as a result of AstraZeneca's conduct.  The damages that you award must be fair compensation, no more and no less.  The award of compensatory damages is meant to put Ms. Brangman in the position she would have occupied if the discrimination had not occurred.  Ms. Brangman has the burden of proving damages by a preponderance of the evidence.

Ms. Brangman must show that the injury would not have occurred without AstraZeneca's actions.  Ms. Brangman must also show that AstraZeneca's actions played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of AstraZeneca's actions.  This test—a substantial part in bringing about the injury—is to be distinguished from the test you must employ in determining whether AstraZeneca's actions were motivated by discrimination.  In other words, even assuming that AstraZeneca's actions were motivated by discrimination, Ms. Brangman is not entitled to damages for an injury unless AstraZeneca's discriminatory actions actually played a substantial part in bringing about that injury.

---

[26] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapter 5:  Instructions for Employment Discrimination Claims Under Title VII (July 2012).

In determining the amount of any damages that you decide to award you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Ms. Brangman experienced as a consequence of AstraZeneca's allegedly unlawful actions. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Ms. Brangman would have earned, either in the past or in the future, if she had continued in employment with AstraZeneca. These elements of recovery of wages that Ms. Brangman would have received from AstraZeneca are called "back pay" and "front pay." "Back pay" and "front pay" are to be awarded separately under instructions that I will soon give you, and any amounts for "back pay" and "front pay" are to be entered separately on the verdict form.

You may award damages for the monetary losses that Ms. Brangman may suffer in the future as a result of AstraZeneca's allegedly unlawful actions.

As I instructed you previously, Ms. Brangman has the burden of proving damages by a preponderance of the evidence. But the law does not require that Ms. Brangman prove the amount of her losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

In assessing damages, you must not consider attorney fees or the costs of litigating this case.  Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

**Defendants' Proposed Jury Instruction No. 26**

### 5.4.2   Title VII Damages – Punitive Damages[27]

Ms. Brangman claims that the acts of AstraZeneca were done with malice or reckless indifference to Ms. Brangman's federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of AstraZeneca personally acted with malice or reckless indifference to Ms. Brangman's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

But even if you make a finding that there has been an act of discrimination with malice or reckless disregard of Ms. Brangman's federal rights, you cannot award punitive damages if AstraZeneca proves by a preponderance of the evidence that it made a good-faith attempt to comply with the law, by adopting policies and procedures designed to prevent unlawful discrimination such as that suffered by Ms. Brangman.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied and that AstraZeneca has not proved that it made

---

[27] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapter 5: Instructions for Employment Discrimination Claims Under Title VII (July 2012).

For the reasons set forth in full in their Pre-Trial Memorandum and Trial Memorandum, both of which were filed simultaneously herewith and which are incorporated herein by reference, Defendants do not believe an instruction on punitive damages is appropriate because there is no evidence warranting punitive damages. In the event the Court disagrees, Defendants respectfully submit this instruction for the Court's consideration.

a good-faith attempt to comply with the law, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish AstraZeneca. You should also consider whether actual damages standing alone are sufficient to deter or prevent AstraZeneca from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those AstraZeneca may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which AstraZeneca should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter AstraZeneca or others from committing similar wrongful acts in the future.

**Defendants' Proposed Jury Instruction No. 27**

### 5.4.3   Title VII Damages – Back Pay – For Advisory Jury[28]

If you find that AstraZeneca intentionally discriminated against Ms. Brangman based on its decisions to eliminate her position and not to hire her for another position, or that it intentionally retaliated against her for filing an internal complaint about Mr. Brockie or for filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, then you must determine the amount of damages that AstraZeneca's actions have caused Ms. Brangman. Ms. Brangman has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Ms. Brangman for any lost wages and benefits, taking into consideration any increases in salary and benefits that Ms. Brangman would have received from AstraZeneca had Ms. Brangman not been the subject of AstraZeneca's intentional discrimination and retaliation.

You are further instructed that Ms. Brangman has a duty to mitigate her damages—that is, Ms. Brangman is required to make reasonable efforts under the circumstances to reduce her damages, for example, by seeking other employment. Although it is AstraZeneca's burden to prove that Ms. Brangman has failed to mitigate, in this case, Ms. Brangman admits that she has withdrawn from the job market. That is, she has not applied for any jobs since her employment with AstraZeneca ended.

Ms. Brangman, however, is excused from her duty to mitigate her damages if she proves, by a preponderance of the evidence, that her complete disability precluded her from seeking other employment and that AstraZeneca caused her complete disability. Thus, if you find that Ms. Brangman was unable to work because of her disability and you also attribute Ms.

---

[28] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapter 5: Instructions for Employment Discrimination Claims Under Title VII (July 2012).

Brangman's disability to the actions of AstraZeneca, then Ms. Brangman is not required to

mitigate damages and she is entitled to an award of back pay.  However, if you find that Ms.

Brangman's alleged disability should not prevent her from seeking employment, or if you find

that Ms. Brangman's disability should not be attributed to AstraZeneca's actions, then she has

not fulfilled her duty to mitigate her damages and is not entitled to an award of either back pay or

front pay.[29]

---

[29] Sources: *McKenna v. City of Philadelphia*, 636 F. Supp. 2d 446, 464-65 (E.D. Pa. 2009); *McKenna v. City of Philadelphia*, Civ. A. No. 99-1163, 2010 U.S. Dist. LEXIS 73667, at *57-58 (E.D. Pa. July 20, 2010).

**Defendants' Proposed Jury Instruction No. 28**

### 5.4.4   Title VII Damages – Front Pay – For Advisory Jury[30]

You may determine separately a monetary amount equal to the present value of any future wages and benefits that Ms. Brangman would reasonably have earned from AstraZeneca had Ms. Brangman's position not been eliminated or had she been hired into one of the positions she applied for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits Ms. Brangman will receive from other employment during that time. Ms. Brangman has the burden of proving these damages by a preponderance of the evidence.

You must also reduce any award to its present value by considering the interest that Ms. Brangman could earn on the amount of the award if she made a relatively risk-free investment. You must make this reduction because an award of an amount representing future loss of earnings is more valuable to Ms. Brangman if she receives it today than if it were received at the time in the future when in would have been earned. It is more valuable because Ms. Brangman can earn interest on it for the period of time between the date of the award and the date she would have earned the money. So you should decrease the amount of any award for loss of future earnings by the amount of interest that Ms. Brangman can earn on that amount in the future.

---

[30] Derived from Model Civil Jury Instructions for the District Courts of the Third Circuit, Chapter 5: Instructions for Employment Discrimination Claims Under Title VII (July 2012).

## Defendants' Proposed Jury Instruction No. 29

**Delaware Whistleblowers' Protection Act – Generally[31]**

In this case, Ms. Brangman makes a claim under the Delaware Whistleblowers' Protection Act which prohibits employers from terminating or otherwise discriminating against an employee who reports conduct which the employee believes violates the law.

Specifically, Ms. Brangman claims that her position was eliminated and she was subjected to mistreatment following a report that she made to AstraZeneca's Compliance Department about a presentation slide which she believed broke the law.

AstraZeneca denies that Ms. Brangman was discriminated or retaliated against in any way based on her report to Compliance and claims that any action taken with respect to Ms. Brangman's employment was for legitimate business reasons.

I will now instruct you more fully on the issues you must address in this case.

---

[31] DEL. CODE ANN. tit. 19 § 1703 (2004).

<u>**Defendants' Proposed Jury Instruction No. 30**</u>

**Delaware Whistleblowers' Protection Act – Elements[32]**

Ms. Brangman claims that AstraZeneca discriminated against her because of her report to the Compliance Department about a presentation slide which she believed broke the law.

To prevail on this claim, Ms. Brangman must prove all of the following by a preponderance of the evidence:

> First: Ms. Brangman made a report to the Compliance Department concerning conduct which she believed was materially inconsistent with, or a serious deviation from, a State or Federal law, rule, or regulation.

> Second: Ms. Brangman was terminated or otherwise discriminated against with respect to the terms and conditions of her employment.

> Third: Ms. Brangman's complaint to the Compliance Department was the primary basis for AstraZeneca's discriminatory acts.

Concerning the first element, Ms. Brangman must prove that she knew or had a reasonable belief that a violation occurred or was about to occur, and that she reported it to AstraZeneca. A "violation" in this case means that the inclusion of the presentation slide was materially inconsistent with a law, rule, or regulation. So Ms. Brangman must prove that she held a reasonable belief that the inclusion of the presentation side was materially inconsistent with a law, rule, or regulation.

As to the second and third elements, Ms. Brangman must show that she was discharged or otherwise discriminated against because of her report to the Compliance Department. This means that Ms. Brangman must prove that her complaint to the Compliance Department was the primary basis for AstraZeneca's decision to eliminate her position or commit other acts which altered the terms and conditions of her employment.

---

[32] Del. Code Ann. tit. 19 §§ 1701, 1703, 1708 (2004).

In other words, to determine that AstraZeneca took an adverse employment action because of Ms. Brangman's complaint to the Compliance Department, you must decide that AstraZeneca would not have taken that action had Ms. Brangman not complained to the Compliance Department but everything else had been the same.

## **Defendants' Proposed Jury Instruction No. 31**

**Delaware Whistleblowers' Protection Act – Damages**[33]

If you find by a preponderance of the evidence that AstraZeneca violated Delaware Whistleblowers' Protection Act when it eliminated Ms. Brangman's position, then you must consider damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not AstraZeneca should be held liable.

Ms. Brangman must show that the injury would not have occurred without AstraZeneca's actions. If she is able to do so, you may award reinstatement of employment, back wages, full reinstatement of fringe benefits and seniority rights, expungement of her record related to any alleged disciplinary actions, actual damages, or any combination thereof.

In assessing damages, you must not consider attorneys' fees or the costs of litigating this case. Attorneys' fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

---

[33] DEL. CODE ANN. tit. 19 §§ 1701, 1703, 1708 (2004).